Winer Enterprises, Inc. v. Commissioner. Abraham Winer, Transferee v. Commissioner.
Winer Enterprises, Inc. v. Commissioner
Docket Nos. 6073-64, 6072-64.
United States Tax Court
T.C. Memo 1966-99; 1966 Tax Ct. Memo LEXIS 185; 25 T.C.M. (CCH) 525; T.C.M. (RIA) 66099; May 16, 1966
Phil David Fine, for the petitioners. James E. Markham, Jr., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $28,258.90 in the income tax of the petitioner for its fiscal year ended June 30, 1960. The petitioner alleges that the Commissioner erred in reducing the amount claimed as cost of goods sold. It also alleges that if any additional Federal income tax is due then the amount should be adjusted for the additional Massachusetts Excise Tax which would then become due. It is stipulated that Abraham Winer is liable as transferee for any deficiency in tax determined herein and interest thereon. The word petitioner, as used herein, refers to Winer Enterprises, Inc. Findings of Fact The petitioner, a Massachusetts corporation, *186 filed its return for its fiscal year ended June 30, 1960, with the director of internal revenue for the district of Boston. It used an accrual method of accounting. The petitioner carried on its regular business up to November 17, 1959, when it adopted a plan of complete liquidation in accordance with the provisions of section 337 of the Internal Revenue Code of 1954 and authorized its president to enter into an agreement to sell all of its assets. The sale was completed within a few days after November 17, 1959. The gain from that sale was not taxable to the petitioner which promptly distributed all of the net proceeds of the sale and any other remaining funds to Abraham Winer, who owned all of its stock. The petitioner, on its return, reported $270,936 as gross receipts from its regular business and from that amount subtracted $136,169 as cost of goods sold, leaving gross profit of $134,767. It claimed a number of deductions and reported $20,800 as its taxable income. The cost of goods sold was computed as follows: Inventory, 7/1/59
$ 46,303
Purchases
89,866
$136,169
Less Inventory, 6/30/60
none
Total cost of goods sold
$136,169
*187 The Commissioner, in determining the deficiency, disallowed a travel expense deduction of $625 and a deduction of $2,008 for the tax year depreciation on the machinery and equipment which was sold in the section 337 liquidation. Those adjustments are not contested herein. He also held that the cost of sales for the tax year was overstated by $55,007, "the value of the inventory on hand at the time of its sale in bulk" on November 20, 1959. The petitioner received in the liquidation sale $55,007 for the inventory which it then transferred to the purchaser. It claimed a zero basis for that property and reported all of the $55,007 as non-taxable profit under section 337. The parties to the November liquidation sale, in arriving at the value of $55,007 for the "inventory" sold in bulk for that amount, agreed that the following items contained in that "inventory" had values equal to their costs and those costs and values were $27,063.91 for "current goods," $51.48 for "concentrates" and $23,080.67 for "finished goods." They also agreed that other transferred items had costs totaling $9,179.24 but they did not agree upon any current values for those items. All stipulated facts are *188 incorporated herein by this reference. Opinion MURDOCK, Judge: The principal issue here is whether the petitioner, in computing its taxable income from the regular business which it conducted for the first four and one-half months of its fiscal year beginning July 1, 1959, overstated the cost of the goods sold in that regular business. It is clear that the basis of the "inventory" sold thereafter in liquidating its business was not "zero," as reported in connection with the section 337 liquidation. The record shows substantial costs of those items and agreed values of three of them. The $136,169 subtracted as cost of goods sold in the regular line of business was excessive if, and to the extent that, it included any amount for items which were not used in the manufacture and sale of the goods producing the gross receipts of $270,936. The Commissioner's determination that the amount of $136,169 deducted as cost of goods sold was excessive is presumed to be correct. The burden of proof to show that that determination was incorrect is upon the petitioner. The evidence does not show that the Commissioner erred. On the contrary it provides some support for his determination that *189 the amount deducted on the return as cost of goods sold was excessive in that it included large amounts representing the bases of items still on hand on November 17, 1959, which were not used or involved in producing the gross profits reported. The record does not enable the Court to make any decision with respect to the Massachusetts tax question. Decisions will be entered for the respondent.